UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAWAN SEARCY,<br><br>  Defendant | Criminal No. 23cr10161-IT<br><br>Violations:<br><br><u>Count One</u>: Wire Fraud<br>(18 U.S.C. § 1343)<br><br><u>Count Two</u>: Unlawful User of a Controlled Substance in Possession of Ammunition<br>(18 U.S.C. § 922(g)(3))<br><br><u>Count Three</u>: Possession with Intent to Distribute Marijuana<br>(21 U.S.C. § 841(a)(1))<br><br><u>Wire Fraud Forfeiture Allegation</u>:<br>(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461)<br><br><u>Firearm Forfeiture Allegation</u>:<br>(18 U.S.C. § 924(d); 28 U.S.C. § 2461(c))<br><br><u>Drug Forfeiture Allegation</u>:<br>(21 U.S.C. § 853) |

SUPERSEDING INFORMATION

At all times relevant to this Superseding Information:

General Allegations

1. Defendant DAWAN SEARCY ("SEARCY") was a resident of Massachusetts.

2. Harvest Small Business Finance, LLC ("HSBF") was a financial institution based in California that facilitated small-business lending.

1

3. TD Bank ("TD Bank") was a financial institution based in Toronto, Canada.

4. The United States Small Business Administration ("SBA") was an agency of the executive branch of the United States government. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters. As part of this effort, the SBA enabled and provided for loans, guaranteed by the government, through banks, credit unions, and other lenders.

### The CARES Act and the Paycheck Protection Program

5. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in March 2020 to provide emergency financial assistance to Americans suffering economic harm as a result of the COVID-19 pandemic. Among other things, the CARES Act provided funding for forgivable loans to small businesses for job retention and certain other expenses through the Paycheck Protection Program ("PPP").

6. PPP loans were required to be used by the business on certain permissible expenses, namely, payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expenses within a designated period of time and used at least a minimum amount of the PPP loan proceeds toward payroll expenses.

7. To obtain a PPP loan, a qualifying business was required to submit a PPP loan application signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. One such

2

certification required the applicant to affirm that "[t]he [PPP loan] funds w[ould] be used to retain workers and maintain payroll; or make payments for mortgage interest, rent, utilities, covered operations expenditures, covered property damage costs, covered supplier costs, and covered worker protection expenditures as specified under the [PPP] Rules." The applicant (through its authorized representative) was also required to acknowledge that "I understand that if the funds are used for unauthorized purposes, the federal government may hold me legally liable, such as for charges of fraud" and "I understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 U.S.C. 1001," among other things. In the PPP loan application, the applicant was also required to state, among other things, its (a) average monthly payroll expenses and (b) number of employees. Lenders used these figures to calculate the amount of money the small business was eligible to receive under the PPP. The applicant was also required to provide documentation showing its payroll expenses.

8. Participating financial institutions, including HSBF, received and processed business's PPP loan applications. If a PPP loan application was approved, the participating financial institution would fund the PPP loan using its own monies, which were guaranteed by the SBA.

Scheme to Defraud

9. Between May and June 2021, in the District of Massachusetts, and elsewhere, SEARCY devised a scheme to defraud and fraudulently obtain pandemic relief funds by filing a false and fraudulent PPP loan application for his purported mobile food business company (the "company"), which resulted in SEARCY receiving $20,460. SEARCY thereafter misused the loan

3

proceeds in ways that were not connected to the company's payroll, utilities, rent, or mortgage payments.

10.     On or about May 27, 2021, SEARCY electronically submitted a PPP loan application to HSBF that contained false statements and falsified tax documents. SEARCY's PPP loan application claimed that he was self-employed at and the primary contact for a company established in 2018 whose legal name was "Dawan Searcy," located at SEARCY's personal residence, and that the company's gross income from 2019 was $98,211. According to the loan application, the business had one employee including the owner, and the purpose of the loan was for payroll costs.

11.     As part of his application, SEARCY submitted a photograph of his Massachusetts driver' license, which contained the same information, including name and residential address, as on his PPP loan application. Additionally, SEARCY submitted a "selfie"-style photograph.

12.     As part of his application, SEARCY submitted a falsified IRS Schedule C for the 2019 tax year that bore SEARCY's name, Social Security number and residential address. The Schedule C stated that SEARCY was the sole proprietor of a mobile food service business that had a 2019 gross income of $98,211 and total expenses of $1,371 resulting in a net profit of $96,840.

13.     In fact, IRS records do not show any record of tax returns filed under SEARCY's Social Security number for tax year 2019.

14.     In reliance on SEARCY's PPP application, HSBF approved the loan, and on or about June 3, 2021, the loan amount of $20,460 was deposited into a TD Bank account ending in 3671 (the "3671 Account").

15. According to TD Bank records, SEARCY is the sole owner and authorized user of the 3671 Account, which is in SEARCY's name with the same Social Security number and address listed in SEARCY's PPP loan application.

16. According to TD Bank records, on the day preceding the $20,460 loan disbursal into the 3671 Account, the account balance was approximately $38.46. In the approximately six days following the disbursal, nearly the entirety of the loan amount was depleted through a series of non-business-related transactions, including the issuance of four official checks in the amounts of $5,000, $5,000, $3,000, and $5,000 to four different individuals; a PayPal payment withdrawal of approximately $649; a Zelle peer-to-peer transfer withdrawal of $600; and electronic transfers for Capital One credit cards and Liberty Mutual Insurance. By June 9, 2021, the 3671 Account had a balance of approximately $196.

COUNT ONE
Wire Fraud
(18 U.S.C. § 1343)

The United States Attorney charges:

17. The United States Attorney re-alleges and incorporates by reference paragraphs 1-16 of this Superseding Information.

18. On or about or about May 27, 2021, in the District of Massachusetts, and elsewhere, the defendant,

DAWAN SEARCY,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, as set forth below:

| Count | Approximate Date | Description |
|---|---|---|
| 1 | May 27, 2021 | HSBF PPP application electronically submitted by Dawan Searcy, in Massachusetts, and routed interstate through HSBF's servers located outside of Massachusetts |

All in violation of Title 18, United State Code, Section 1343.

## COUNT TWO
Unlawful User of a Controlled Substance in Possession of Ammunition
(18 U.S.C. § 922(g)(3))

The United States Attorney further charges:

19.     On or about October 28, 2021, in Somerville, in the District of Massachusetts, the defendant,

DAWAN SEARCY,

knowing that he was an unlawful user of marijuana, a controlled substance as defined in Title 21, United States Code, Section 802, did knowingly possess, in and affecting commerce, ammunition, to wit: rounds of 9mm ammunition.

All in violation of Title 18, United States Code, Section 922(g)(3).

<u>COUNT THREE</u>
Possession with Intent to Distribute Marijuana
(21 U.S.C. § 841(a)(1))

The United States Attorney further charges:

      20.    On or about October 28, 2021, in Somerville, in the District of Massachusetts, the defendant,

DAWAN SEARCY,

did knowingly and intentionally possess with intent to distribute marijuana, a Schedule I controlled substance.

      All in violation of Title 21, United States Code, Section 841(a)(1).

## WIRE FRAUD FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The United States Attorney further alleges:

21. Upon conviction of the offense in violation of Title 18, United States Code, Section 1343, set forth in Count One, the defendant,

DAWAN SEARCY,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following asset:

    a. $20,460, to be entered in the form of a forfeiture money judgment.

22. If any of the property described in Paragraph 21, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 22 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

## FIREARM FORFEITURE ALLEGATION
(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

The United States Attorney further alleges:

23. Upon conviction of the offense in violation of Title 18, United States Code, Section 922(g)(3), set forth in Count Two, the defendant,

DAWAN SEARCY,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

   a. P-80 9mm semiautomatic pistol seized on or about October 28, 2021; and

   b. rounds of 9mm ammunition seized on or about October 28, 2021.

24. If any of the property described in Paragraph 23, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant –

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

## DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

The United States Attorney further alleges:

25. Upon conviction of the offense in violation of Title 21, United States Code, Section 841, set forth in Count Three, the defendant,

DAWAN SEARCY,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

26. If any of the property described in Paragraph 25, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 25 above.

    All pursuant to Title 21, United States Code, Section 853.

                                      LEAH B. FOLEY
                                      United States Attorney

By:   */s/ Michael Crowley*
       Michael Crowley
       Sarah Hoefle
       Assistant U.S. Attorneys

Date: January 27, 2025